[Civ. No. 14963.    Second Dist., Div. Two.    Oct. 27, 1945.]

LOWERY L. STOWE et al., Respondents, v. JOHN J. NIETO et al., Appellants.

Rupert B. Turnbull for Appellants.

Catlin & Catlin, Frank D. Catlin and Henry W. Catlin for Respondents.

WILSON, J.—Appeal from a judgment in favor of plaintiffs in an action for concellation of a promissory note and deed of trust and for damages.

Respondent Lowery L. Stowe purchased a tract of real property from appellants under the following circumstances: A real estate agent took Stowe to the property. They did not go on the land but stopped on the highway, the agent stating that he did not want to disturb the tenants. Neither Stowe nor the agent was acquainted with the neighborhood or the property. Stowe paid a deposit to the agent, receiving a receipt therefor, but no binding contract was made. Later Stowe was told by friends that the place had been flooded. Stowe went to the agent and together they called on Mrs. Nieto. She stated that the land had not been flooded, that the water never came over the driveway, and that the condition was even better since they had built a dyke. Stowe relied on the statement of Mrs. Nieto, purchased the property, paid part cash and gave a promissory note and deed of trust to secure the balance. He took possession in September, 1943. In February, 1944, a flood covered the property to a depth of four feet, causing the loss of respondents' rabbits and chickens and damage to their machinery. Respondents immediately served a notice of rescission on appellants, offered to reconvey the property, and demanded the repayment of the portion of the purchase price that had been paid by respondents.

1. Appellants' chief defense was that respondents made an independent investigation and knew the facts before they purchased the property and that they cannot complain that they were deceived. When respondents were told that the property had been flooded they interviewed the owner, Mrs. Nieto, who told them emphatically that anyone who made such a statement was a liar. She said that the water had never come above the driveway, and had not remained on any of the land more than two or three days. It appears from the evidence that if the latter statement had been true only a small part of the land would have been covered with water and that it would not have been damaged. Mrs. Nieto testified that she and her husband had owned the property for 25 years; that in 1937 and 1940 the water was around the house to a depth of four or five feet, and that she had knowledge of these facts when she told respondents that the land had not been flooded. Other witnesses testified that floods covered the property in four different years prior to its sale to respondents and that on some occasions it remained for weeks or a month. From all the evidence the only conclusion that can be drawn is that appellant Mrs. Nieto made false statements to respondents concerning material facts, knowing them to be untrue, and that respondents believed her statements and were deceived thereby. Cases cited by appellants in which defects in property were plainly visible to the purchasers are not in point. The floods were intermittent and the land was dry when respondents purchased it.

2. There is no merit in appellants' claim that rabbits were lost by reason of the negligence of respondents. While attempting to move the rabbits to high ground respondents, standing in water four feet in depth, dropped a hutch and a few of the rabbits were drowned. Respondents were not negligent in attempting to rescue the animals from the flood. The remainder of the livestock apparently were drowned before they could be saved. Respondents are entitled to recover the value of property lost and the cost of repairing damaged machinery.

3. Neither is there any virtue in the claim that the judgment should be reversed by reason of the fact that it merely relieved respondents from making further payments on their note and did not require them to reconvey the property. In their notice of rescission respondents offered to

execute a deed to the land. The court found as a fact that prior to the trial appellants had foreclosed the deed of trust without taking a deficiency judgment and that the property had been reconveyed to them by reason of the foreclosure.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.